UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 2:04-CR-79 |
| ) | |
| JAIME VARGAS QUINTANILLA ) | |

**O R D E R**

This criminal matter is before the Court to address the Government's Motion for Reconsideration of the Court's order dated June 10, 2005. In his motion to suppress, the defendant contended that the 5 kilos of cocaine seized from his vehicle on October 20, 2004, should be suppressed because his consent to search as not voluntary based upon the totality of the circumstances.

On August 28, 2004, Officer Sollie Rabun, III, who is employed by the Johnson City Police Department in Johnson City, Tennessee stopped a vehicle driven by Aldrich Salvador Vallejo Villareal for improper display of registration. At that time, he found a small amount of marijuana, and he arrested

Villareal for simple possession and possession of drug paraphernalia. After releasing Villereal, Officer Rabun learned that Villereal's fingerprints were identified as belonging to an individual using the name Rigoberto Ortiz.

On October 19, 2004, Officer Rabun observed Villereal driving a silver grayish colored Nissan Altima. Before Officer Rabun could turn around and stop Villereal, the vehicle vanished. On October 20, 2004, Officer Rabun saw the same vehicle and observed that Villereal was a passenger in that vehicle. He then stopped the vehicle for the express purpose of arresting Villereal for criminal impersonation.

After arresting Villereal and placing him in his police vehicle, Officer Rabun asked Jaime Vargas Quintanilla, the driver, and Felix Torres Jose Carlos, another passenger, to exit the vehicle. Although Officer Rabun had no suspicions in regard to these two individuals, and although he asked to search the vehicle because he suspected there were drugs in the vehicle because of Villereal's prior possession of marijuana, Officer Rabun had the authority to search the passenger compartment and to ask the other occupants of the vehicle to exit it after he arrested Villereal in order to assure officer safety and to prevent the destruction of evidence. See *Thornton v. United States*, 541 U.S. 615, 124 S.Ct. 2127 (2004); *Knowles v. Iowa*, 525 U.S. 113, 116, 119 S.Ct. 484, 487-488

2

Case 2:04-cr-00079-JRG   Document 152   Filed 07/01/05   Page 2 of 3   PageID #: 10

(1998).

The Court FINDS that any intrusion from ordering the passengers out of a car, which was already stopped, was necessary to the officer's safety and minimal. See *Maryland v. Wilson*, 519 U.S. 408, 17 S.Ct. 882 (1997). Therefore, based upon the totality of the circumstances, the Court FINDS that the defendant's consent to search his vehicle including the trunk was voluntary.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED** and **APPROVED**, [Doc. 103] that the government's motion to reconsider is **GRANTED**, [Doc. 147], that the Court's order dated June 10, 2005 is **VACATED**, [Doc. 134], and that the motion to suppress filed by the defendant is **DENIED**. [Doc. 67]. This case will proceed to trial on July 19, 2005.

ENTER:

                                              S/J. RONNIE GREER
                                              UNITED STATES DISTRICT JUDGE